

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. S. Foreman
County Auditor,
Beaumont, Texas

Dear Sir:

Opinion No. O-1493
Re: Construction of H. B. No.
598, Regular Session,
Forty-third Legislature.

We have your inquiry of recent date in which you state:

"Enclosed herewith is a copy of House Bill No. 598, passed by the regular session of the Forty-third Legislature of Texas and filed in the office of the Secretary of State on March 30, 1933.

"I have been informed, through what I consider a very reliable source, that this act creating the office of Purchasing Agent is void, due to the fact that it does not repeal any laws or parts of laws in conflict therewith."

Articles 1645 to 1676 inclusive have relation to the County Auditor, his appointment and duties.

House Bill No. 598 provides that in certain counties within certain population limits with cities situated therein of certain population limits the Commissioners' Court may appoint a county purchasing agent.

The question presented is whether H. B. 598 is valid, in view of the fact that it does not undertake to in any wise repeal any of the general statutes with reference to the duties of the County Auditor, or the duties of the Commissioners' Court.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

This question has been considered by the Commission of Appeals of the State in Hunt v. Atkinson, 12 S. W. (2) 142. In that opinion Judge Speer, speaking for the Commission of Appeals, said:

"There is another consideration that reaches the same result; where two statutes cover the same subject, the one general and the other special, the special statute will control, not upon any theory of implied repeal, but upon the broad rule that all parts of the act or statutes must stand if possible, and that the intention of the Legislature is more clearly reflected by the special statute than by the general one. Both are permitted to stand, the special article or enumeration being treated as though it were a proviso excepting something from the general rule. Thus, here, the general statute, broadly covering all cities of more than 5,000 inhabitants, under the Home Rule Amendment and the enabling act, permits an extension of the city's boundary limits by ordinance of the governing body, but article 1265, applying specially to such cities as have 100,000 and not exceeding 150,000 inhabitants, requires the method to be by popular election. Both statutes thus stand, each applying in its proper place. Fortinberry v. State (Tex. Com. App.) 283 S. W. 146."

We answer your question that H. B. No. 596 is not invalid because of the fact that it does not repeal any laws or parts of laws in conflict therewith.

This opinion is limited to the question submitted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *A S Rollins*

A. S. Rollins
Assistant

APPROVED OCT 7, 1939

ASR-MR *Robert E Kepese*

Acting ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *[initials]*
CHAIRMAN